QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Michael E. Williams (Bar No. 181299)
  michaelwilliams@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California  90017-2543
Telephone:    (213) 443-3000
Facsimile:    (213) 443-3100

Attorneys for Plaintiff
DIRECTV, LLC f/k/a DIRECTV, Inc.

Issued Ntc of Renewal to Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>GUADALUPE ARAMBULA, AND JOHN DOES 1 -10,<br><br>             Defendant. | CASE NO. CV 04-551-ABC (RMCx)<br><br> RENEWAL OF JUDGMENT<br><br>Trial Date:    None Set |

1  Pursuant to Rule 69(a) of the Federal Rules of Civil Procedure and Article 2 of the
2  California Code of Civil Procedure, the above named Plaintiff, by its attorney, applies for renewal
3  of judgment against Defendant GUADALUPE ARAMBULA.
4  The original judgment was entered on June 2, 2004. A true and correct copy is attached as
5  Exhibit "1".
6  The judgment has not been previously renewed.
7  Total Judgment: $217,800.00
8  Credits after Judgment: $ 78,755.41
9  Subtotal: **$139,044.59**
10 Interest after Judgment: $ 43,610.68
11 **Total Renewed Judgment:** **$182,655.27**
12 Renewed Judgment to accrue interest at the legal rate until paid.

14 DATED: May 27, 2014            QUINN EMANUEL URQUHART &
                                  SULLIVAN, LLP

17                                By /s/ Michael Williams
                                     Michael E. Williams
18                                   Attorneys for Plaintiff

20 DATED: May 27, 2014            By
21                                   DEPUTY CLERK
                                     UNITED STATES DISTRICT COURT

# EXHIBIT 1

```
LODGED
```

29/579351.1

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTV, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>GUADALUPE ARAMBULA, and JOHN DOES 1-10,<br><br>Defendants. | CASE NO. CV 04-551-ABC (RMCx)<br><br>[~~PROPOSED~~] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT GUADALUPE ARAMBULA<br><br>Court: The Honorable Audrey B. Collins |

FILED
CLERK, U.S. DISTRICT COURT
2004
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

[PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION

THIS MATTER comes before the Court upon Plaintiff DIRECTV, Inc.'s Application for Entry of Default Judgment and Permanent Injunction against Defendant Guadalupe Arambula, pursuant to Federal Rule of Civil Procedure 55(b)(2). The Court, having reviewed the parties' submissions and the records and files herein, and being fully advised, hereby makes the following preliminary findings:

1. Defendant Guadalupe Arambula was properly served with original process in this action.

2. The Court has personal jurisdiction over the defendant pursuant to California Code of Civil Procedure § 410.10. The Court finds, upon the record presented, that the defendant was at the time relevant herein a resident of the State of California.

3. The Court further finds that the exercise of personal jurisdiction over the defendant is reasonable and comports with federal and state constitutional requirements.

NOW THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. Pursuant to Federal Rule of Civil Procedure 55(b)(2), a default judgment is hereby entered against defendant Guadalupe Arambula as to each claim in the Complaint for Compensatory, Statutory and Other Damages, and for Injunctive Relief.

2. Plaintiff DIRECTV, Inc. ("DIRECTV") is a "person aggrieved" and a "party aggrieved" within the meaning of 47 U.S.C. § 605(d)(6) and (e)(3)(C)(i).

3. Based on the evidence presented, the Court finds that defendant Guadalupe Arambula distributed and sold Bootloaders, knowing or having reason to know that such products were primarily of assistance in the unauthorized

reception and decryption of DIRECTV's satellite transmissions of television programming, in violation of Section 605(e)(4) of the Communications Act of 1934, as amended, 47 U.S.C. § 605(e)(4).

4. Based on the evidence presented, the Court finds that defendant Guadalupe Arambula assisted, aided and abetted other persons in receiving and decrypting DIRECTV's satellite transmissions of television programming without authorization by or payment to DIRECTV, in violation of Section 605(a) of the Communications Act of 1934, as amended, 47 U.S.C. § 605(a). The Court further finds, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), that defendant Guadalupe Arambula violated 47 U.S.C. § 605(a) willfully and for purposes of direct or indirect commercial advantage or private financial gain.

5. Pursuant to 47 U.S.C.§ 605(e)(3)(C)(i), defendant Guadalupe Arambula is ordered to pay to plaintiff DIRECTV the sum of $210,000.00 in statutory damages resulting from defendant's violations of 47 U.S.C. § 605(a) and (e)(4).

6. Pursuant to 47 U.S.C. § 605(e)(3)(B)(iii), defendant Guadalupe Arambula is ordered to pay to plaintiff DIRECTV the sum of $7,800.00 representing attorneys' fees and costs incurred by DIRECTV in this action.

7. Pursuant to 47 U.S.C. § 605(e)(3)(B)(i), defendant Guadalupe Arambula is ordered to surrender or return to plaintiff DIRECTV all Bootloaders, or other devices designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming.

8. Pursuant to 47 U.S.C. § 605(e)(3)(B)(i), defendant Guadalupe Arambula, and any persons or entities controlled directly or indirectly by him, are permanently enjoined and restrained from:

   (a) receiving or assisting others in receiving DIRECTV's satellite transmissions of television programming without authorization by and payment to DIRECTV;

   (b) manufacturing, assembling, modifying, importing, exporting, distributing or selling Bootloaders, or other devices designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming; and

   (c) advertising the sale of Bootloaders, or other devices designed or intended to facilitate the reception and decryption of DIRECTV's satellite transmissions of television programming by persons not authorized to receive such programming, or from advertising or providing information or technical services in support thereof.

DATED: June 1, 2004

          AUDREY COLLINS
          Honorable Audrey B. Collins
          United States District Judge

Presented by:

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By: _____
  Dale H. Oliver
  Michael Williams
  Scott Watson

Attorneys for Plaintiff DIRECTV, Inc.

**PROOF OF SERVICE**

1013A(3) CCP Revised 5/1/88

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is: QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP, 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017.

On May 6, 2004, I served the foregoing document(s) on interested parties in this action described as: [PROPOSED] DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT GUADALUPE ARAMBULA

| Guadalupe Arambula<br>4405 Pennsylvania Avenue<br>La Crescenta, CA  91714 | |
|---|---|

X  **(BY MAIL)** I deposited such envelope in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid.

X  **(BY MAIL)** I caused such envelope to be placed in the firm's mail. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

___  **(BY FACSIMILE)** I caused such document to be transmitted by facsimile to the offices of the addressee. Upon completion of the said facsimile transmission, the transmitting machine issued a transmission report showing the transmission was complete and without error.

___  **(BY FEDERAL EXPRESS)** by placing the document(s) listed above in such envelope for deposit with FEDERAL EXPRESS to be delivered via priority overnight service to the persons at the following address:

___  **(BY PERSONAL SERVICE)** I caused to be delivered by hand such envelope to the offices of the following addressee:

Executed on May 6, 2004, at Los Angeles, California.

___  **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____Maria Mendoza_____  
Type or Print

_____  
Signature